UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN MARTIR,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **REPORT AND** |
|  |  | **RECOMMENDATION** |
| -against- |  | CV 19-2412 (DRH)(AYS) |

HUNTINGTON PROVISIONS INC.
and DAVID MOSS,

                                             Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Denis R. Hurley for Report and

Recommendation, is Plaintiff John Martir's ("Plaintiff" or "Martir") motion for default

judgment, pursuant to Federal Rule of Civil Procedure 55.  (Docket Entry ("DE") [19].)  By way

of a Complaint filed on April 25, 2019, Plaintiff commenced this action against Defendants

Huntington Provisions Inc. ("Huntington Provisions") and David Moss ("Moss") (collectively,

"Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"),

and the New York Labor Law ("NYLL"), alleging that Defendants failed to pay him overtime

compensation for all hours worked in excess of forty hours per week, failed to provide him

spread of hours compensation, failed to provide him with a wage notice at the time of hiring, and

failed to provide him with accurate and complete wage statements with his weekly paychecks.

(Compl., DE [1].)  Defendants did not answer or otherwise move with respect to the Complaint.

Plaintiff amended his Complaint on July 18, 2019.  (DE [6].)  After Defendants failed to

answer or otherwise respond to Plaintiff's Amended Complaint, the Clerk of the Court entered a

notation of default against Huntington Provisions on October 22, 2020, (DE [14]), and against

Moss on October 24, 2020.  (DE [16].)  On January 23, 2020, Plaintiff filed the within motion

for default judgment, (DE [19]), which Judge Hurley referred to this Court for a recommendation as to whether it should be granted and the appropriate amount of damages, costs and fees, if any, to be awarded.  (Order of Hurley, J., dated Jan. 24, 2020.)  For the following reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that damages be awarded as set forth herein.

BACKGROUND

Plaintiff, a former employee of Defendants, was employed as a driver's helper delivering Boar's Head deli products by truck to grocery stores and supermarkets in Brooklyn, the Bronx and Long Island from approximately June 4, 2018 until on or about March 8, 2019.  (Am. Compl. ¶¶ 18-19; Martir Aff. ¶¶ 3-4.)  Defendant Huntington Provisions is a domestic corporation that sells and delivers Boar's Head deli products to grocery stores and supermarkets.  (Am. Compl. ¶¶ 6-7.)  Defendant David Moss ("Moss") is the owner and operator of Huntington Provisions.  (Id. ¶ 9.)  Moss is responsible for the daily operations of Huntington Provisions, including the payment of wages to Plaintiff.  (Id. ¶ 10; Martir Aff. ¶¶ 5-6.)

Throughout his employment with Defendants, Plaintiff typically worked five days per week, for ten to fifteen hours per day.  (Am. Compl. ¶¶ 22-23; Martir Aff. ¶ 8.)  Plaintiff regularly worked on Mondays and Thursdays from 2:30 a.m. to approximately 12:30 p.m., on Tuesdays from 2:30 a.m. to approximately 5:30 p.m., on Wednesdays from 12:00 a.m. to approximately 1:00 p.m., and on Fridays from 3:00 a.m. to approximately 3:00 p.m.  (Am. Compl. ¶ 23; Martir Aff. ¶ 9.)  Plaintiff routinely worked sixty hours per week for Defendants.  (Am. Compl. ¶ 22-23.)

Defendants paid Plaintiff $300.00 in cash each week and $756.50 by direct deposit to his bank account every two weeks.  (Id. ¶ 24; Martir Aff. ¶¶ 11-12.)  Except for his last week of

employment, Plaintiff was paid a total of $678.25 per week regardless of the number of hours he worked.  (Id. ¶ 25; Martir Aff. ¶ 12.)

Defendants did not provide Plaintiff with a notice and acknowledgement of his wage rate upon his hire.  (Am. Compl. ¶ 28; Martir Aff. ¶ 7.)  Similarly, Defendants did not provide Plaintiff with accurate wage statements each pay period.  (Am. Compl. ¶ 27; Martir Aff. ¶ 7.) While Plaintiff did receive pay stubs with his paychecks, they did not state all of the hours Plaintiff worked each week or all of the wages he was actually owed.  (Am. Compl. ¶ 27; Martir Aff. ¶ 7.)  Finally, Defendants did not post required notices regarding payment of minimum wages and overtime.  (Am. Compl. ¶ 26.)

Plaintiff commenced the within action on April 25, 2019, alleging violations of the FLSA and the NYLL.  Plaintiff seeks unpaid overtime wages pursuant to both statutes.  Plaintiff also asserts claims pursuant to Sections 195(1) and 195(3) of the NYLL for Defendants' failure to provide him with written wage notices and written wage statements, as required by the statute. Finally, Plaintiff seeks unpaid spread of hours compensation pursuant to the NYLL.  Plaintiff seeks damages in the amount of $22,616.00, (Martir Aff. ¶ 15.), as well as attorney's fees in the amount of $7,650.00 and costs in the amount of $555.00, for a total damages application of $30,821.00.

<u>DISCUSSION</u>

I.   <u>Legal Standard</u>

A.   <u>Standard for Entering a Judgment of Default</u>

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process before entering a judgment of default against a party that fails to respond or defend.  See Fed. R. Civ. P. 55; see also Romero v. Floris Constr., Inc., No. 1:16-CV-4282, 2017 WL 5592681, at *2

3

(E.D.N.Y. Nov. 20, 2017).  First, the party seeking a judgment of default must ascertain a

certificate of default from the Clerk of the Court.  See Fed. R. Civ. P. 55(a).  After the Clerk

issues a certificate, the moving party then requests an entry of a judgment of default.  See id. at

55(b); see also Coley v. Vannguard Urban Improvement Ass'n, Inc., No. 12-CV-5565, 2018 WL

1513628, at *2 (E.D.N.Y. Mar. 27, 2018), as amended (Mar. 29, 2018).  All of the well-pleaded

factual allegations in the complaint pertaining to liability are deemed to be true.  See Qiu Hua

Tan v. Voyage Express Inc., No. 15 CV 6202, 2017 WL 2334969, at *2 (E.D.N.Y. May 25,

2017) (citing Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (E.D.N.Y.

1992)).  However, it is up to the court to determine whether the unchallenged facts constitute a

legitimate cause of action.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y.

2012).

      B.    Standard Required Under the FLSA

      In order to establish liability under the FLSA, the plaintiff must prove either

individual liability or enterprise liability.  See Leon v. Chen, No. 16-CV-480, 2017 WL 1184149,

at *4 (E.D.N.Y. Mar. 29, 2017).  Individual liability applies to any individual "engaged directly

in interstate commerce or in the production of goods for interstate commerce."  Coley, 2018 WL

1513628, at *3 (quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n.8

(1985)).  On the other hand, enterprise liability applies to entities that: "(1) perform related

activities "for a common business purpose"; (2) have "employees engaged in commerce or in the

production of goods for commerce, or . . . employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person"; and (3)

have an "annual gross volume of sales made or business done [ ] not less than $500,000."  Coley,

2018 WL 1513628, at *3 (quoting 29 U.S.C. § 203(r)–(s)) (alteration in original).

An employee is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).

Here, Plaintiff demonstrates this by alleging in his Complaint that he is employed by Defendants.

See Garcia v. Badyna, No. 13-CV-4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014)

(stating that since plaintiff alleged in his complaint that he is an employee as defined by the

FLSA, for purposes of the default, he qualifies as an employee); see also Compl. ¶¶ 12, 18.

Furthermore, Plaintiff has shown in the Complaint that Huntington Provisions is an

enterprise engaged in interstate commerce and has employees handling, selling or otherwise

working on goods or materials that have been moved in or produced in commerce.  See 29

U.S.C. § 203(s)(1)(A)(i)-(ii); see also Compl. ¶¶ 12, 15-17.  In the course of his work, Plaintiff

used trucks, gasoline, oil and truck repair parts to deliver Defendants' products, many of which

originated outside the State of New York.  See Compl. ¶ 17.  Moreover, the very products

Plaintiff delivered on behalf of Defendants were manufactured with ingredients from other

states, and the condiments delivered to Defendants' customers came from outside New York.

See id.  Plaintiff has also alleged in the Complaint that the Corporate Defendants have an annual

gross revenue of at least $500,000.  See Compl. ¶ 16.

Moreover, Moss is an employer under the FLSA.  An employer is "any person acting

directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. §

203(a).  The Second Circuit has employed a multifactor test in determining whether one qualifies

as an employer for purposes of liability.  See Coley, 2018 WL 1513628, at *4.  These factors

include "whether the alleged employer (1) had the power to hire and fire the employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employment records."  Id.

(quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8 (2d Cir. 1984)).  In this case, Moss hired and

fired employees, set work schedules, and determined the rate of payment.  See Compl. ¶ 10.  As a result, Moss is deemed to be an employer under the FSLA.

      C.    <u>Standard Required Under the NYLL</u>

      The NYLL "is the state analogue to the federal FLSA," and, as such, it "echoes the FLSA in compensation provisions regarding overtime and minimum wage requirements." <u>Rodriguez v. Ridge Pizza Inc.</u>, No. CV 16-0254, 2018 WL 1335358, at *7 (E.D.N.Y. Mar. 15, 2018) (quoting <u>D'Arpa v. Runway Towing Corp.</u>, No. 12-CV-1120, 2013 WL 3010810, at *18 (E.D.N.Y. June 18, 2013)).  As a result, once liability is established under the FSLA, courts will routinely impose liability for NYLL violations.  See <u>Guardado v. 13 Wall St., Inc.</u>, No. 15-CV-2482, 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016), <u>adopted by</u>, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016).  Therefore, since Plaintiff is considered an employee and Defendants are considered employers under the FLSA, they are also deemed to be so under the NYLL.

      Additionally, the NYLL requires that an employer furnish each employee with a notice and acknowledgement of his or her wage rate upon hire, <u>see</u> N.Y. Labor Law § 195(1), as well as an accurate wage statement setting forth the hours worked, rate of pay, and total hours worked each pay period.  <u>See</u> N.Y. Labor Law § 195(3).  Plaintiff proffers that Defendants failed to provide this information.  <u>See</u> Compl. ¶¶ 27-28.  For this reason, Plaintiff has alleged violations of Sections 195(1) and 195(3) of the NYLL.

      Finally, the NYLL provides that employees shall receive "spread of hours pay," which entitles employees to an extra hour of pay (at the basic minimum hourly rate) for each day in which the interval between the beginning and the end of the workday is longer than twelve hours where: "(a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."  12 N.Y.C.R.R. § 142-2.4.  The spread of hours pay has been determined to

only apply "to those employees making minimum wage and not to those making more than minimum wage." Shu Qin Xu v. Wai Mei Ho, 111 F. Supp. 3d 274, 281 (E.D.N.Y. 2015) (citation omitted).

II.    Damages

    A.    Standard Applicable to a Damages Award Following Default Judgment

        Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. See, e.g., Greyhound Exhibitgroup, 973 F.2d at 158; Olvera v. Los Taquitos Del Tio Inc., No. 15 Civ. 1262, 2015 WL 3650238, *1 (E.D.N.Y. June 11, 2015); Guaman v. Krill Contracting, Inc., No. 14-CV-4242, 2015 WL 3620364, at *2 (E.D.N.Y. June 9, 2015). Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty." Olvera, 2015 WL 3620364, at *1. Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but . . . directly traceable to the breach, not remote or the result of other intervening causes." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999). While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Quiros, Inc., No. 13-CV-7017, 2015 WL 1247102, at *5 (E.D.N.Y. Mar. 18, 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 125 (E.D.N.Y. 2011) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)).

        The court determining damages has the discretion to hold an evidentiary hearing. See Fed. R. Civ. P. 55(b)(2); see also Castellanos v. Deli Casagrande Corp., No. CV 11-245, 2013 WL 1207058, at *3 (E.D.N.Y. Mar. 7, 2013), adopted by, 2013 WL 1209311 (E.D.N.Y. Mar. 25,

2013).  Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty.  See Avelar, 2015 WL 1247102, at *7.  Where there has been a default in a case alleging wage violations, the plaintiff's recollection and estimation of the hours worked are presumed correct and are often sufficient to support a damages award.  See e.g., Rodriguez, 784 F. Supp. 2d at 126; Yin v. Kim, No. 07-CV-1236, 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008).

      B.    Overtime Wages

      Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation." 29 U.S.C. § 216(b).  Like the FLSA, the NYLL provides that an employee is entitled to recover unpaid minimum wages and overtime.  See 12 N.Y.C.R.R. §§ 142-2.2-2.4.  Unpaid overtime wages are calculated by multiplying the wage rate by 0.5 to determine the amount owed per hour for every hour over 40 hours worked.  See 29 U.S.C. § 207(a)(1).  That amount is then multiplied by the number of hours of overtime worked per week to yield a sum of weeks of overtime pay owed.  The totals for each week are then aggregated to calculate the total amount of overtime wages owed. See Mendez v. Casa Blanca Flowers, Ltd., No. 12-CV-5786, 2014 WL 4258943, at * 3 (E.D.N.Y. July 8, 2014), adopted by, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014).  "Even when wages exceed the minimum prescribed by Congress, [employers] must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]."  Avelar, 2015 WL 1247102, at *5 (quoting Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 (1944)) (alterations in original).

While both the federal and state statutory schemes place the burden of showing hours worked on the employee, see Avelar, 2015 WL 1247102, at *6, the employer is charged with maintaining accurate records of an employee's hours.  See Guaman, 2015 WL 362036, at *7. When the employer's records are inadequate, an employee may meet his burden of showing hours worked by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007).

C.     Liquidated Damages

Both federal and New York state law provide for enhanced damages equivalent to 100% of the total amount of the wages found to be due.  As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the employer.  See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir.1997). Under state law, willfulness is established where employers voluntarily underpay employees. See Moon v. Kwon, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002).  These standards have been recognized to be essentially the same.  See id.  Where, as here, the employer defaults, an award of liquidated damages is appropriate.  See Guaman, 2015 WL 3620364, at *10.

D.     Wage Theft Prevention Act Damages

Under the NYLL, employers are required to furnish their employees with a notice and acknowledgement of the employee's wage rate at the time of hire.  See N.Y. Labor Law § 195(1).  Employers are also required to furnish their employees with accurate, specifically enumerated wage statements each pay period.  See N.Y. Lab. Law § 195(3).  Plaintiff seeks to recover damages for Defendants' failure to provide accurate wage statements and annual wage notices as required by New York's Wage Theft Prevention Act ("WTPA").  As Plaintiff asserts

he was never given a proper wage notice or a proper wage statement during the course of his employment, he is entitled to WTPA damages.

E.      Spread of Hours Damages

As noted, the NYLL provides that if the length of time between the beginning and end of an employee's workday (or the employee's "spread of hours") surpasses ten hours, the employer must pay the employee an additional hour of pay at the minimum wage.  Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017) (quoting 12 N.Y.C.R.R. § 146-1.6; see also Pineda v. Tokana Café Bar Restorant Inc., No. 16-CV-1155, 2017 WL 1194242, at *3 (S.D.N.Y. Mar. 30, 2017).  Plaintiff contends that Defendants never paid him the spread of hours pay he was entitled to during the course of his employment.

F.      Facts Necessary to Plead a Claim for Wages and Overtime Damages

In view of the fact that it is Plaintiff's burden to prove entitlement to damages to a "reasonable certainty," this Court must consider the nature of the proof required to prove such damages where, as here, a plaintiff seeks overtime damages.  The Second Circuit has spoken explicitly as to the level of pleading required to state a claim for overtime wages.  See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013).

Similar to the "reasonable certainty" standard required to prove entitlement to default damages, the Second Circuit has held that a plaintiff seeking to state a claim for overtime wages must plead facts sufficient to support a "reasonable inference" that he worked more than forty hours in a given week.  See Dejesus, 726 F.3d at 90.  While such hours need not be pled with exact "mathematical precision," a plaintiff seeking overtime wages is required to draw from his

10

"memory and experience" when pleading hours worked.  Id.  Facts thus drawn from memory must provide "sufficient detail about the length and frequency" of hours worked so as to "support a reasonable inference that [plaintiff] worked more than forty hours in a given week." Id.  The pleading of such factual context allows a plaintiff to "nudge [his] claim 'from conceivable to plausible."  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Lundy, 711 F.3d at 114 n.7 (stating that an approximation of overtime hours worked, while "not needed in all cases," may "help draw a plaintiff's claim closer to plausibility").

With these pleading standards in mind, the Court turns to consider the issues referred to this Court for report and recommendation, i.e., whether Plaintiff has sufficiently pled his claims under the FLSA and the NYLL, and, if so, the amount of damages to be awarded.

III.    Calculation of Plaintiff's Wage and Hour Damages

A.    Unpaid Overtime and Liquidated Damages

Plaintiff's overtime claims are supported by the Complaint and declaration allegations referred to above.  Plaintiff's declaration recalls both the dates and hours worked.  It also recalls his weekly wage.  The Court has considered the allegations set forth above and holds that those allegations do, in fact, rise to the level of pleading required by the Second Circuit, and are therefore sufficient for this Court to make a reasonably specific determination as to damages.

As to overtime wages, Plaintiff is entitled to 100% of all overtime wages owed.  Plaintiff states that he regularly worked five days per week – Monday to Friday – anywhere from ten to fifteen hours per day, throughout the course of his employment.  (Am. Compl. ¶¶ 22-23; Martir Aff. ¶¶ 8-9.)  These shifts resulted in Plaintiff working sixty hours per week for Defendants, twenty of which should have been compensated at one and one-half times his regular rate of pay.

(Am. Compl. ¶ 22; Martir Aff. ¶ 9.)  During the course of his employment, Plaintiff was paid $678.25 per week, regardless of the number of hours he worked.  (Am. Compl. ¶ 25; Martir Aff. ¶ 12.)  Taking into account the statutes of limitation under the FLSA and the NYLL, Plaintiff may recover unpaid overtime compensation for the work he performed for Defendants from June 2018 through March 2019.  Therefore, the overtime pay due to Plaintiff is $4,510.00, as set forth below.[1]

| Time Period | Number of Weeks | Hourly Rate of Pay | Overtime Owed per week | Overtime Wages Due |
|---|---|---|---|---|
| 06/04/2018-12/31/2018 | 30 | $16.95 | $112.75 | $ 3,382.50 |
| 01/01/2019-03/08/2019 | 10 | $16.95 | $112.75 | $ 1,127.50 |

Plaintiff is also entitled to 100% in liquidated damages on his overtime compensation claim.  As such, Plaintiff is entitled to $4,510.00 in actual damages and a like amount in liquidated damages, for a total of $9,020.00.

B.    WTPA Damages

Since February 27, 2015, the WTPA mandates that "[a]ny employee not provided [a wage] notice within ten business days following their first day of employment, 'may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." Rodriguez, 2018 WL 1335358, at *9 (quoting Kim v. 511 E. 5th St., LLC, 133 F. Supp. 3d 654, 661 (S.D.N.Y. 2015)) (first alteration in original); see also N.Y.

---

[1]    The damages calculations in Plaintiff's Motion for Default Judgment and Plaintiff's Affidavit are incorrect.  The Court will recommend that damages be awarded based on the numbers calculated throughout this Report and Recommendation.

Labor. L. § 198(1-b).  Plaintiff states that he worked five days per week for a period of approximately forty weeks since February 27, 2015, during which he never received written notice of his pay.  (Am. Compl. ¶ 48; Martir Aff. ¶ 7.)  This amounts to approximately two hundred days, which amounts to more than the maximum amount of damages permitted under the WPTA.  Therefore, this Court recommends awarding Plaintiff the maximum allowable amount of damages of $5,000 for Defendants' record keeping violations, pursuant to Section 195(1) of the NYLL.

Moreover, since April 9, 2011, the WPTA also requires employers to provide employees, with every payment of wages, a statement that lists the dates of work covered by the payment of wages, the employee's and the employer's names, the address and phone number of the employer, the employee's rate of pay, "whether paid by the hour, shift, day, week, salary, piece, commission, or other," gross wages, deductions, allowances, if any, and net wages.  N.Y. Labor L. § 195(3).  "[T]he statement shall [also] include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."  Id.  Prior to February 27, 2015, "[t]he WPTA entitled employees to recover statutory damages for violations of the wage statement requirement of $100 per work week, not to exceed $2,500."  Id.  After February 27, 2015, the WPTA entitles a plaintiff to recover $250 for each work day that the violation occurred, not to exceed $5,000.  See N.Y. Labor L. § 198(1-d).  Here, Plaintiff states that although Defendants provided him with wage statements or paystubs during his employment, they did not reflect the actual number of hours he worked per week or the actual amount of wages he was paid.  (Am. Compl. ¶ 51; Martir Aff. ¶ 7.)  Accordingly, this Court recommends awarding Plaintiff the statutory maximum of $5,000 for Defendants' violation of Section 195(3) of the NYLL.

13

C.   Spread of Hours Damages

Since Plaintiff worked more than ten hours per day three days per week during the course of his employment, as reflected in his Amended Complaint and his affidavit, he is entitled to spread of hours pay.  (Am. Compl. ¶ 23; Martir Aff. ¶ 9.)  For 2018, Plaintiff should have been paid $11 per hour for three hours per week, for thirty weeks, which amounts to $990.00. For 2019, the spread of hours pay owed to Plaintiff is $12 per hour[2] for three hours per week, for ten weeks, for a total of $360.00.  Accordingly, this Court respectfully recommends that Plaintiff be awarded a total of $1,350.00 in spread of hours damages.

D.   Unpaid Minimum Wage

In his motion for default judgment, Plaintiff also requests damages in the amount of $252.00 for Defendants' failure to pay him minimum wage for the hours worked from January to March 2019.  (Pl. Mot. for Default J. ¶ 8; Martir Aff. ¶ 14(b).)  However, the Amended Complaint does not contain a claim for unpaid minimum wages.  Nor are such damages requested in the Prayer for Relief.   Accordingly, since Plaintiff has not asserted a claim for unpaid minimum wages, he is not entitled to damages for such a claim and the Court recommends that none be awarded.  See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); see also Silge v. Merz, 510 F.3d 157, 159 (2d Cir. 2007) ("It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not

---

[2]      On December 31, 2018, the minimum wage for Long Island was raised to $12.00 per hour.  See 12 N.Y.C.R.R. § 146-1.2.

appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.") (quotation omitted).

In summary, this Court respectfully recommends that Defendants be ordered to pay Plaintiff $4,510.00 for unpaid overtime wages for hours worked in excess of 40 hours per week, $4,510.00 in liquidated damages, $10,000.00 for Wage Theft Prevention Act violations, and $1,350.00 in spread of hours damages, for a total monetary award of $20,370.00.

IV.    Post-Judgment Interest

While not mentioned in his motion, Plaintiff should also be awarded post-judgment interest, pursuant to 28 U.S.C. § 1961, which must be applied to "any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961; see also Khurana, 2017 WL 1251102, at *17.  Accordingly, this Court recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered.  See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); see also Schipani v.McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute).

V.    Attorney's Fees and Costs

Both the FLSA and the NYLL provide for the recovery of reasonable attorney's fees by successful plaintiffs.  See 29 U.S.C. §216(b); N.Y. Labor L. §§198(1-a),(1-d).  The statutes similarly allow prevailing plaintiffs to recover costs from defendants.  See 29 U.S.C. §216(b); N.Y. Labor L. §663(1).  Counsel seeking such awards bear the burden of supporting their claims

of hours expended by submission of accurate, detailed and contemporaneous time records.  See
N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

When determining an award of attorney's fees, the "starting point" for calculating a
"presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the
reasonable number of hours required by the case."  Millea v. Metro–North R.R. Co., 658 F.3d
154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar –
the product of a reasonable hourly rate and the reasonable number of hours required by the case
– creates a 'presumptively reasonable fee'.") (quoting Arbor Hill Concerned Citizens
Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).  The Supreme
Court has held that "the lodestar method produces an award that roughly approximates the fee
that the prevailing attorney would have received if he or she had been representing a paying
client who was billed by the hour in a comparable case."  Perdue v. Kenny A. ex rel. Winn., 559
U.S. 542, 551 (2010). "The lodestar figure includes most, if not all, of the relevant factors
constituting a 'reasonable attorney's fee.'"  Id. at 553 (citation omitted); see also Arbor Hill
Concerned Citizens Neighborhood Assoc., 522 F.3d at 184, 190–91.

The reasonableness of hourly rates are guided by the market rate "[p]revailing in the
community for similar services by lawyers of reasonably comparable skill, experience and
reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is
generally the "district in which the court sits."  Polk v. New York State Dep't of Corr. Servs.,
722 F.2d 23, 25 (2d Cir. 1983).  Additionally, "[t]he burden is on the party seeking attorney's
fees to submit sufficient evidence to support the hours worked and the rates claimed."  Hugee v.
Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012).  This Circuit requires
contemporaneous billing records for each attorney.  See Scott v. City of New York, 643 F.3d 56,

16

57 (2d Cir. 2011).

Plaintiff seeks $7,650.00 in attorney's fees and $550.00 in costs and has submitted an affirmation from his attorney, dated January 23, 2020, as well as billing records.  (See DE [21].) The affirmation and the billing records submitted provide an itemization of time and services expended in this case, reflecting time spent, tasks performed as well as costs incurred.  See id. The records reflect that Plaintiff's attorney spent a total of 20.40 hours working on this case at a billing rate of $375.00 per hour.  See id.  The Court finds the hourly rate and the hours expended to be within the reasonable range.  See Douyon v. NY Med. Health Care, P.C., 49 F. Supp. 3d 328 (E.D.N.Y. 2014) ("To determine reasonable hourly rates, the Court notes this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits.") (collecting cases);  see also Gagasoules v. MBF Leasing LLC, No. 08-CV-2409, 2013 WL 1760134, at *4 (E.D.N.Y. Apr. 24, 2013) ("In the Eastern District of New York, depending on the nature of the action, extent of legal services provided and experience of the attorney, hourly rates range from approximately $300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 for junior associates") (collecting cases); Ferrara v. Professional Pavers Corp., No. 11-CV-1433, 2013 WL 1212816 (E.D.N.Y. Mar. 23, 2013) ("Recently, reasonable hourly rates in this district have ranged from approximately $200 to $400 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals").  Therefore, this Court finds it reasonable to grant the requested attorney's fees in the amount of $7,650.00.

Finally, as to costs, Plaintiff seeks a total of $550.00 in litigation expenses.  These expenses include a $400.00 filing fee and $155.00 for service of process fees.  Like the other amounts sought, the costs requested are reasonable and supported by the record.  Accordingly,

this Court respectfully recommends that Plaintiff be awarded costs in the amount requested of $555.00.

## RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Plaintiff's motion for default judgment, appearing at Docket Entry [19], be granted and that damages be awarded as follows: (1) unpaid overtime compensation, pursuant to both the FLSA and the NYLL, in the amount of $4,510.00; (2) liquidated damages, pursuant to both the FLSA and the NYLL, in the amount of $4,510.00; (3) $10,000.00 in damages for violations of the WPTA; (4) spread of hours damages in the amount of $1,350.00; and (4) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961.  The Court further recommends that Plaintiff be awarded $7,650.00 in attorney's fees and costs in the amount of $550.00, for a total monetary award of $28,570.00.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by May 1, 2020.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v.

Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated:  Central Islip, New York
        April 29, 2020

                                         /s/ Anne Y. Shields
                                         ANNE Y. SHIELDS
                                         United States Magistrate Judge